

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

GREGORY D. MILLS,

    Petitioner,

v.                                       Civil Action No. 3:15CV782

ERIC D. WILSON,

    Respondent.

## REPORT AND RECOMMENDATION

Gregory D. Mills, a federal inmate proceeding _pro se_ and _in forma pauperis_, filed this 28 U.S.C. § 2241 petition[1] (hereinafter, "§ 2241 Petition," ECF No. 1). This matter is before the Court for a Report and Recommendation pursuant to 28 U.S.C. § 636(b).

---

[1] That statute provides, in pertinent part:

> (c) The writ of habeas corpus shall not extend to a prisoner unless—
>     (1) He is in custody under or by color of the authority of the United States or is committed for trial before some court thereof; or
>     (2) He is in custody for an act done or omitted in pursuance of an Act of Congress, or an order, process, judgment or decree of a court or judge of the United States; or
>     (3) He is in custody in violation of the Constitution or laws or treaties of the United States . . . .

28 U.S.C. § 2241(c)(1)-(3).

A.   **Procedural History and Summary of Mills's Claim**

Mills pled guilty to conspiracy to distribute and possess with intent to distribute 28 grams or more of cocaine base and, in January 2013, the Court sentenced him to 180 months of incarceration. See United States v. Mills, No. 3:13-CV-581, 2015 WL 2126981, at *1 (E.D. Va. May 6, 2015). Mills filed no appeal. By Memorandum Opinion and Order entered on May 6, 2015, the Court denied Mill's 28 U.S.C. § 2255 motion. See id.

In his § 2241 Petition, Mills contends that his sentence is unconstitutional in light of the United States Court of Appeals for the Fourth Circuit's holding in Simmons v. United States, 649 F.3d 237 (4th Cir. 2011).[2] Mills fails to explain how Simmons entitles him to any relief. For the reasons set forth below, the Court RECOMMENDS that this action be DISMISSED FOR WANT OF JURISDICTION.

---

[2] In Simmons, the United States Court of Appeals for the Fourth Circuit

> overruled prior decisions and held that, in deciding whether to enhance federal sentences based on prior North Carolina convictions, we look not to the maximum sentence that North Carolina courts could have imposed for a hypothetical defendant who was guilty of an aggravated offense or had a prior criminal record, but rather to the maximum sentence that could have been imposed on a person with the defendant's actual level of aggravation and criminal history.

United States v. Powell, 691 F.3d 554, 556 (4th Cir. 2012) (emphasis omitted) (citing Simmons, 649 F.3d at 241).

### B. Motions under 28 U.S.C. § 2255 Compared to Petitions under 28 U.S.C. § 2241

A motion made pursuant to 28 U.S.C. § 2255 "'provides the primary means of collateral attack'" on the imposition of a federal conviction and sentence, and such a motion must be filed with the sentencing court. See Pack v. Yusuff, 218 F.3d 448, 451 (5th Cir. 2000) (quoting Cox v. Warden, Fed. Det. Ctr., 911 F.2d 1111, 1113 (5th Cir. 1990)). A federal inmate may not proceed under 28 U.S.C. § 2241 unless he or she demonstrates that the remedy afforded by 28 U.S.C. § 2255 "is inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e).[3] "For example, attacks on the execution of a sentence are properly raised in a § 2241 petition." In re Vial, 115 F.3d 1192, 1194 n.5 (4th Cir. 1997) (citing Bradshaw v. Story, 86 F.3d 164, 166 (10th Cir. 1996); Hanahan v. Luther, 693 F.2d 629, 632 n.1 (7th Cir. 1982)). Nevertheless, the United States Court of Appeals for the Fourth Circuit has emphasized that "the remedy afforded by § 2255 is not rendered inadequate or ineffective merely because an individual has been unable to obtain relief under that provision or because an individual is

---

[3] "This 'inadequate and ineffective' exception is known as the 'savings clause' to [the] limitations imposed by § 2255." Wilson v. Wilson, No. 1:11cv645 (TSE/TCB), 2012 WL 1245671, at *3 (E.D. Va. Apr. 12, 2012) (quoting In re Jones, 226 F.3d 328, 333 (4th Cir. 2000)).

3

procedurally barred from filing a § 2255 motion." Id. (citations omitted).

The Fourth Circuit has stressed that an inmate may proceed under § 2241 to challenge his conviction "in only very limited circumstances." United States v. Poole, 531 F.3d 263, 269 (4th Cir. 2008) (internal quotation marks omitted). The "controlling test," id., in the Fourth Circuit is as follows:

> [Section] 2255 is inadequate and ineffective to test the legality of a conviction when: (1) at the time of conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law.

In re Jones, 226 F.3d 328, 333-34 (4th Cir. 2000) (emphasis added). The Fourth Circuit formulated this test to provide a remedy for the "fundamental defect presented by a situation in which an individual is incarcerated for conduct that is not criminal but, through no fault of his [or her] own, [he or she] has no source of redress." Id. at 333 n.3 (emphasis added).

C. Analysis of Mills's 28 U.S.C. § 2241 Petition

Mills fails to satisfy the second prong of In re Jones, 226 F.3d at 334. Specifically, Mills fails to demonstrate that "subsequent to [his] direct appeal and [his] first § 2255 motion, the substantive law changed such that the conduct of

4

which [he] <u>was</u> <u>convicted</u> <u>is</u> <u>deemed</u> <u>not</u> <u>to</u> <u>be</u> <u>criminal</u>." <u>Id.</u> (emphasis added). Thus, he fails to satisfy <u>In</u> <u>re</u> <u>Jones</u>, and the Court lacks jurisdiction to consider his § 2241 Petition.

First, <u>Simmons</u> was decided in 2011. Mills pled guilty in November 2012, and judgment was entered against him in January 2013. Thus, <u>Simmons</u> was decided prior to his conviction, and Mills could have availed himself of the arguments therein during his direct criminal proceedings. Second, Mills fails to explain—and this Court fails to discern—how <u>Simmons</u> has any applicability to the facts of his case and his sentence. In Mills's Plea Agreement, he specifically agreed that 180 months was an appropriate sentence, and he received that bargained-for sentence. <u>See</u> <u>United States v. Mills</u>, No. 3:12-CR-105 (E.D. Va. Nov. 2, 2012) (ECF No. 21, at 5). Third, Mills was not subject to an enhanced sentence based on prior convictions.[4] Finally,

---

[4] Mills claims that his "prior predicate offenses w[ere] not punishable for a term exceeding one year," and he cites to a 2002 Virginia conviction for possession for forged plates/decals, for which he received a fine, and to a Virginia conviction for possession with intent to sell less than one half ounce of marijuana, for which he received twelve months of incarceration. (ECF No. 1, at 6.) Mills received two criminal history points for these sentences in his guidelines calculation, not an enhanced sentence. <u>See</u> Presentence Report ¶ 38 and Worksheet C at 1, <u>United States v. Mills</u>, No. 3:12-CR-105 (E.D. Va. filed Jan. 8, 2013). <u>Simmons</u> had "no impact on the calculation of [an inmate's] criminal history points for those prior convictions where the term of imprisonment did not exceed one year." <u>Thames v. United States</u>, Nos. 7:00-CR-00122-F-1, NO. 7:12-CV-00196-F, 2014 WL 3778937, at *2 (S.D.N.C. July

5

the conduct of which Mills stands convicted, conspiracy to distribute and possess with the intent to distribute 28 grams or more of crack cocaine, remains criminal. Mills fails to demonstrate that Simmons invalidates his conviction or sentence.

D. **Conclusion**

Accordingly, it is RECOMMENDED that this action be DISMISSED FOR WANT OF JURISDICTION.

Mills is advised that he may file specific written objections to the Report and Recommendation within fourteen (14) days of the date of entry hereof. Such objections should be numbered and identify with specificity the legal or factual deficiencies of the Magistrate Judge's findings. See Fed. R. Civ. P. 72(b). Failure to timely file specific objections to the Report and Recommendation may result in the dismissal of his claims, and it may also preclude further review or appeal from such judgment. See Carr v. Hutto, 737 F.2d 433, 434 (4th Cir. 1984).

The Clerk is directed to send a copy of this Report and Recommendation to Mills.

It is so ORDERED.

```
                                              /s/    [signature]
                                        _____
                                        Roderick C. Young
Date: September 22, 2016                United States Magistrate Judge
Richmond, Virginia
```

---

31, 2014); cf. United States v. Manning, No. 7:12CR00042, 2015 WL 2338329, at *3 (W.D. Va. May 13, 2015).

6