IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division



GREGORY D. MILLS,

    Petitioner,

v.                                  Civil Action No. 3:15CV782

ERIC D. WILSON,

    Respondent.

**MEMORANDUM OPINION**

Gregory D. Mills, a federal inmate proceeding pro se, filed this 28 U.S.C. § 2241 petition ("§ 2241 Petition," ECF No. 1). The Magistrate Judge recommended that the Court dismiss the § 2241 Petition for want of jurisdiction. Mills filed objections. (ECF No. 12.) For the reasons that follow, the Report and Recommendation will be accepted and adopted and the § 2241 Petition will be dismissed.

**I. REPORT AND RECOMMENDATION**

The Magistrate Judge made the following findings and recommendations:

    A.    **Procedural History and Summary of Mills's Claim**

    Mills pled guilty to conspiracy to distribute and possess with intent to distribute 28 grams or more of cocaine base and, in January 2013, the Court sentenced him to 180 months of incarceration. See United States v. Mills, No. 3:13-CV-581, 2015 WL 2126981, at *1 (E.D. Va. May 6, 2015). Mills filed no appeal. By Memorandum Opinion and Order entered on May 6, 2015,

the Court denied Mill's 28 U.S.C. § 2255 motion. See id.

In his § 2241 Petition, Mills contends that his sentence is unconstitutional in light of the United States Court of Appeals for the Fourth Circuit's holding in Simmons v. United States, 649 F.3d 237 (4th Cir. 2011).[1] Mills fails to explain how Simmons entitles him to any relief. For the reasons set forth below, the Court RECOMMENDS that this action be DISMISSED FOR WANT OF JURISDICTION.

B.  **Motions under 28 U.S.C. § 2255 Compared to Petitions under 28 U.S.C. § 2241**

A motion made pursuant to 28 U.S.C. § 2255 "'provides the primary means of collateral attack'" on the imposition of a federal conviction and sentence, and such a motion must be filed with the sentencing court. See Pack v. Yusuff, 218 F.3d 448, 451 (5th Cir. 2000) (quoting Cox v. Warden, Fed. Det. Ctr., 911 F.2d 1111, 1113 (5th Cir. 1990)). A federal inmate may not proceed under 28 U.S.C. § 2241 unless he or she demonstrates that the remedy afforded by 28 U.S.C. § 2255 "is inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e).[2]

---

[1] In Simmons, the United States Court of Appeals for the Fourth Circuit
> overruled prior decisions and held that, in deciding whether to enhance federal sentences based on prior North Carolina convictions, we look not to the maximum sentence that North Carolina courts could have imposed for a hypothetical defendant who was guilty of an aggravated offense or had a prior criminal record, but rather to the maximum sentence that could have been imposed on a person with the defendant's actual level of aggravation and criminal history.

United States v. Powell, 691 F.3d 554, 556 (4th Cir. 2012) (emphasis omitted) (citing Simmons, 649 F.3d at 241).

[2] "This 'inadequate and ineffective' exception is known as the 'savings clause' to [the] limitations imposed by § 2255." Wilson v. Wilson, No. 1:11cv645

"For example, attacks on the execution of a sentence are properly raised in a § 2241 petition." In re Vial, 115 F.3d 1192, 1194 n.5 (4th Cir. 1997) (citing Bradshaw v. Story, 86 F.3d 164, 166 (10th Cir. 1996); Hanahan v. Luther, 693 F.2d 629, 632 n.1 (7th Cir. 1982)). Nevertheless, the United States Court of Appeals for the Fourth Circuit has emphasized that "the remedy afforded by § 2255 is not rendered inadequate or ineffective merely because an individual has been unable to obtain relief under that provision or because an individual is procedurally barred from filing a § 2255 motion." Id. (citations omitted).

The Fourth Circuit has stressed that an inmate may proceed under § 2241 to challenge his conviction "in only very limited circumstances." United States v. Poole, 531 F.3d 263, 269 (4th Cir. 2008) (internal quotation marks omitted). The "controlling test," id., in the Fourth Circuit is as follows:

> [Section] 2255 is inadequate and ineffective to test the legality of a conviction when: (1) at the time of conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law.

In re Jones, 226 F.3d 328, 333-34 (4th Cir. 2000) (emphasis added). The Fourth Circuit formulated this test to provide a remedy for the "fundamental defect presented by a situation in which an individual is incarcerated for conduct that is not criminal but, through no fault of his [or her] own, [he or she] has no source of redress." Id. at 333 n.3 (emphasis added).

---

(TSE/TCB), 2012 WL 1245671, at *3 (E.D. Va. Apr. 12, 2012) (quoting In re Jones, 226 F.3d 328, 333 (4th Cir. 2000)).

3

## C. Analysis of Mills's 28 U.S.C. § 2241 Petition

Mills fails to satisfy the second prong of <u>In re Jones</u>, 226 F.3d at 334. Specifically, Mills fails to demonstrate that "subsequent to [his] direct appeal and [his] first § 2255 motion, the substantive law changed such that the conduct of which [he] <u>was convicted is deemed not to be criminal</u>." <u>Id.</u> (emphasis added). Thus, he fails to satisfy <u>In re Jones</u>, and the Court lacks jurisdiction to consider his § 2241 Petition.

First, <u>Simmons</u> was decided in 2011. Mills pled guilty in November 2012, and judgment was entered against him in January 2013. Thus, <u>Simmons</u> was decided prior to his conviction, and Mills could have availed himself of the arguments therein during his direct criminal proceedings. Second, Mills fails to explain—and this Court fails to discern—how <u>Simmons</u> has any applicability to the facts of his case and his sentence. In Mills's Plea Agreement, he specifically agreed that 180 months was an appropriate sentence, and he received that bargained-for sentence. <u>See United States v. Mills</u>, No. 3:12-CR-105 (E.D. Va. Nov. 2, 2012) (ECF No. 21, at 5). Third, Mills was not subject to an enhanced sentence based on prior convictions.[3] Finally, the conduct of which Mills

---

[3] Mills claims that his "prior predicate offenses w[ere] not punishable for a term exceeding one year," and he cites to a 2002 Virginia conviction for possession for forged plates/decals, for which he received a fine, and to a Virginia conviction for possession with intent to sell less than one half ounce of marijuana, for which he received twelve months of incarceration. (ECF No. 1, at 6.) Mills received two criminal history points for these sentences in his guidelines calculation, not an enhanced sentence. <u>See</u> Presentence Report ¶ 38 and Worksheet C at 1, <u>United States v. Mills</u>, No. 3:12-CR-105 (E.D. Va. filed Jan. 8, 2013). <u>Simmons</u> had "no impact on the calculation of [an inmate's] criminal history points for those prior convictions where the term of imprisonment did not exceed one year." <u>Thames v. United States</u>, Nos. 7:00-CR-00122-F-1, NO. 7:12-CV-00196-F, 2014 WL 3778937, at *2 (S.D.N.C. July 31, 2014); <u>cf. United States v. Manning</u>, No. 7:12CR00042, 2015 WL 2338329, at *3 (W.D. Va. May 13, 2015).

4

>     stands convicted, conspiracy to distribute and possess with the intent to distribute 28 grams or more of crack cocaine, remains criminal. Mills fails to demonstrate that Simmons invalidates his conviction or sentence.
>
>     **D. Conclusion**
>     Accordingly, it is RECOMMENDED that this action be DISMISSED FOR WANT OF JURISDICTION.

(Report and Recommendation entered Sept. 23, 2016 (alterations in original).)

## II. STANDARD OF REVIEW FOR REPORT AND RECOMMENDATION

"The magistrate makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with this court." Estrada v. Witkowski, 816 F. Supp. 408, 410 (D.S.C. 1993) (citing Mathews v. Weber, 423 U.S. 261, 270-71 (1976)). This Court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). "The filing of objections to a magistrate's report enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute." Thomas v. Arn, 474 U.S. 140, 147 (1985). When reviewing the magistrate's recommendation, this Court "may also receive further evidence." 28 U.S.C. § 636(b)(1).

5

### III. MILLS'S OBJECTIONS[4]

Mills claims to have four objections, although he labels two objections as number one and then skips the number three. In his first objection, Mills claims that the Magistrate Judge stated that Mills was proceeding in forma pauperis when he in fact paid the $5 filing fee. (See Objs. 1.) While Mills is correct that the Magistrate Judge misstated that Mills had been granted in forma pauperis status, that misstatement is irrelevant to the factual and legal issues in the action. Nevertheless, the Court sustains the first objection.

With the remaining three objections, the Court need not spend time delineating between each rambling and repetitive objection. The majority of each of these objections simply repeats the legal standard for bringing a § 2241 petition in the Fourth Circuit. Mills also seemingly echoes the Report and Recommendation's conclusion that he may not use § 2241 to attack his conviction and sentence. (See, e.g., Objs. 4 ("Accordingly, the narrow gateway for section 2241 relief under the savings clause set for the in Jones is not open to Mills with respect to his Simmons claim.).) Mills later contends that he "satisf[ies] the second prong of the savings clause" (Objs. 9), but provides no persuasive argument to support that proposition. For

---

[4] The Court employs the pagination assigned to the Objections by the CM/ECF docketing system.

example, instead of arguing that the conduct of which he was convicted is no longer criminal, Mills argues that the "Court should not enforce Mills['s] plea agreement waiver to bar his habeas corpus because Mills knowingly and voluntarily entered into the agreement, and because his claims —ie., that Movant was erroneously sentenced under the sentencing guidelines— fall within the scope challenge the validity of the agreement." (Id. at 8-9.)[5] The Court fails to discern any meritorious argument demonstrating that Mills satisfies the second prong of In re Jones, 226 F.3d 328, 333-34 (4th Cir. 2000).

In sum, Mills fails to advance any persuasive reason why he is entitled to challenge his conviction and sentence pursuant to 28 U.S.C. § 2241.

### IV. CONCLUSION

Mills's first objection pertaining to the Magistrate Judge's misstatement that Mills was proceeding in forma pauperis will be sustained. The remaining objections will be overruled. The Report and Recommendation will be accepted and adopted. The action will be dismissed.

---

[5] The Court notes that Mills was not precluded from filing a "habeas" by his plea agreement. Mills filed a § 2255 motion that the Court denied by Memorandum Opinion and Order entered on May 6, 2015. See United States v. Mills, No. 3:13-CV-581, 2015 WL 2126981, at *1 (E.D. Va. May 6, 2015).

7

The Clerk is directed to send a copy of this Memorandum Opinion to Mills.

It is so ORDERED.

/s/ REP

Robert E. Payne
Senior United States District Judge

Date: November 9, 2016
Richmond, Virginia